# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

ROSS ALLEN SINGER,       )
                          )
              Plaintiff,      )
                          )
         v.           )      Case No. 4:23-CV-00861-RK
                          )
CITIBANK, NA,         )
                          )
             Defendant.    )

## ORDER

Before the Court is Defendant Citibank, N.A. and Plaintiff Ross Singer's stipulation to arbitrate and stay case. (Doc. 19.) Defendant Citibank, N.A. and Plaintiff Ross Singer are the only remaining parties to this action.

Section 2 of the Federal Arbitration Act (FAA), its primary substantive provision, states:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. "Under § 3, a party may apply to a federal court for a stay of the trial of an action 'upon any issue referable to arbitration under an agreement in writing for such arbitration.'" *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010) (quoting 9 U.S.C. § 3); *cf. Sommerfeld v. Adesta, LLC*, 2 F.4th 758, 762 (8th Cir. 2021) (recognizing, "'district courts may, in their discretion, dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration'") (quoting *Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769 (8th Cir. 2011)). "Under § 4, a party 'aggrieved' by the failure of another party 'to arbitrate under a written agreement for arbitration' may petition a federal court 'for an order directing that such arbitration proceed in the manner provided for in such agreement.'" *Id.* (quoting 9 U.S.C. § 4). In whole, the FAA "reflect[s] . . . a liberal federal policy favoring arbitration." *Driver v. BPV Mkt. Place Inv'rs, L.L.C.*, No. 4-17-cv-1607-CAS, 2018 WL 3363795, *4 (E.D. Mo. July 10, 2018) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)) (other citation and internal quotation marks omitted).

"If a valid and enforceable arbitration agreement exists under state-law contract principles, any dispute that falls within the scope of that agreement must be submitted to arbitration." *Id.* at

968 (citing *Faber v. Menard*, 367 F.3d 1048, 1052 (8th Cir. 2004)). When presented with a motion to compel arbitration, the Court's role is limited to two inquiries: "(1) whether there is a valid arbitration agreement and (2) whether the particular dispute falls within the terms of the agreement." *Robinson v. EOR-ARK, LLC*, 841 F.3d 781, 783-84 (8th Cir. 2016) (citation and quotation marks omitted). "The party seeking to compel arbitration bears the burden of proving the existence of a valid and enforceable arbitration agreement." *Driver*, 2018 WL 3363795, at *4 (citation and quotation marks omitted).

In the instant stipulation to arbitrate and stay case, the parties indicate that (1) Plaintiff's claims against Citibank arise from his use of a Home Depot-branded Citibank credit card, (2) under the terms of the Card Agreement governing the account at issue, the matters alleged in Plaintiff's Complaint against Citibank are subject to arbitration, and (3) Plaintiff has agreed to submit the matters alleged in his Complaint to arbitration. (Doc. 19.) Thus, it appears the parties agree that there is a valid arbitration agreement and their dispute falls within its terms.

Accordingly, and after careful consideration, the Court **ORDERS** that the parties proceed to arbitration in accordance with the terms of their arbitration agreement. This case is **STAYED** pending the outcome of the parties' arbitration. The parties are **ORDERED** to file a status report every 90 days during the pendency of the stay of this case.

**IT IS SO ORDERED.**


s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT


DATED: January 17, 2024